UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | JAMES BLAINE TENNEY, JR. and SHERRY LEE TENNEY | : CHAPTER 13 |
| | Debtors | : |
| | | : |
| | JACK N. ZAHAROPOULOS STANDING CHAPTER 13 TRUSTEE | : |
| | Movant | : |
| | | : |
| | vs. | : |
| | | : |
| | JAMES BLAINE TENNEY, JR. and SHERRY LEE TENNEY | : |
| | Respondents | : CASE NO.   1-23-bk-02752 |

<u>TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN</u>

AND NOW, this   25th   day of January, 2024, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtors' plan for the following reason(s):

1.   Debtors' plan violates 11 U.S.C. §§ 1322(a)(1) and 1325(b) in that the debtors have not submitted all or such portion of the disposable income to the Trustee as required. More specifically, the debtor claims a negative $823.00 on Schedule I for a business loss that is no longer in operation.

Trustee alleges and avers that debtors' disposable income is greater than that which is committed to the plan based upon the Means Test calculation and specifically disputes the following amounts:

a.   The Trustee requests proof deductions listed on Lines 17 and 18.   Further, the debtors' tax expense does not appear to be $903.00 a month since their tax liability has been $0 based on the very large net loss they incur from their business.

2.   Failure to properly state the minimum amount to be paid to unsecured creditors in Section 1.A.4. of the plan, as required by the Mean Test.

3.   Debtors' plan violates 11 U.S.C. § 1325(a)(3) in that it has not been proposed in good faith.   The second box on the first page regarding a cramdown should be checked.

4.   Debtors' plan violates 11 U.S.C. § 1325(a)(4) in that the value of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7.   More specifically, the debtor has excess non-exempt equity in the following:

   a.   Residential real estate.   The Trustee has requested
        proof of the value of the debtors' home as stated in
        their schedules.

5.   SOFA #4 and #27 lacks description.

6.   The Trustee avers that debtors' plan is not feasible based upon the following:

   a.   Secured claims not in plan – Claim #6 for trailer.

7.   The plan has not been served as required by LR 3015-1(b) as to the creditors listed in Paragraphs 2E and 2G of the plan.

      WHEREFORE, Trustee alleges and avers that debtors' plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

   a.   Deny confirmation of debtor(s) plan.
   b.   Dismiss or convert debtor(s) case.
   c.   Provide such other relief as is equitable and just.

                Respectfully submitted:


                /s/Jack N. Zaharopoulos
                Standing Chapter 13 Trustee
                8125 Adams Drive, Suite A
                Hummelstown, PA 17036
                (717) 566-6097

<u>CERTIFICATE OF SERVICE</u>

AND NOW, this   31st   day of January, 2024, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

E. Haley Rohrbaugh, Esquire
135 North George Street
York, PA   17401

/s/Deborah A. DePalma
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee