IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br>  JAMES BLAINE TENNEY, JR. and<br>  SHERRY LEE TENNEY,<br>                *Debtors* | Chapter 13<br><br>Case No. 1:23-bk-02752-HWV |
| COMMONWEALTH OF PENNSYLVANIA,<br>OFFICE OF ATTORNEY GENERAL,<br>                Movant<br><br>v.<br><br>JAMES BLAINE TENNEY, JR. and<br>SHERRY LEE TENNEY,<br>                Respondents | |

### DEBTORS' ANSWER TO MOTION OF THE COMMONWEALTH OF PENNSYLVANIA FOR DETERMINATION THAT THE AUTOMATIC STAY DOES NOT APPLY

COMES NOW, this 25th day of March, 2024, the Debtors in the within case, James Blaine Tenney, Jr. and Sherry Lee Tenney, by and through counsel, the CGA Law Firm, P.C., E. Haley Rohrbaugh, Esquire, and files the within Answer to the Motion for Relief from the Automatic Stay averring as follows:

1. Admitted in part, denied in part. By way of further response, that James Blaine Tenney, Jr. is a Debtor does not make him a part of any action dealing with the Movant and he should not be listed as a Respondent to this Motion. It is inappropriate to list James Blaine Tenney, Jr. as a respondent to this Motion when he is not a party to the underlying State Court Case.

2. Admitted in part, denied in part. Sherry Lee Tenney was the owner and operator of Tenney Fiber Farm, LLC, which is no longer in business due to Mrs. Tenney's ongoing medical issues.

3. Paragraph 3 of Movant's Motion is a statutory reference to which no response is required.

4. Admitted.

5. Admitted.

6. Paragraph 6 of Movant's Motion references consent by the Movant to which no response is required.

7. Denied. Debtors have insufficient information to form a belief as to the averments contained in paragraph 7 and therefore denies same. Strict proof of the averments contained in paragraph 7 are demanded.

8. Denied. Debtors have insufficient information to form a belief as to the averments contained in paragraph 8 and therefore denies same. Strict proof of the averments contained in paragraph 8 are demanded at trial. By way of further response, referencing any alleged negotiation is inappropriate for a Motion of this nature.

9. Denied. Paragraph 9 references a pleading, which speaks for itself. No response is required.

10. Admitted in part, denied in part. It is admitted that Movant's original Complaint was insufficient to support any legal claim against Mrs. Tenney or the Business. The Amended Complaint speaks for itself.

11. Denied. Debtors have insufficient information to form a belief as to the averments contained in paragraph 11 and therefore denies same. Strict proof of the averments contained in paragraph 11 are demanded.

12. Denied. Paragraph 12 references a pleading which speaks for itself. No response is required.

13. Admitted.

14. Denied. Paragraph 14 references a Court Order which speaks for itself. No response is required.

15. Denied. Movant has averred insufficient facts to determine whether the State Court Case is pecuniary in nature or whether it falls within the Commonwealth's police or regulatory power. It continues to reference throughout its Motion that it is seeking "a monetary judgment" against Mrs. Tenney and the Business, which is no longer in operation.

16. This paragraph references law which speaks for itself and to which no response is required.

17. This paragraph references law which speaks for itself and to which no response is required.

18. This paragraph references law which speaks for itself and to which no response is required.

19. This paragraph references law which speaks for itself and to which no response is required. By way of further response, Mrs. Tenney is no longer operating the business other than to sell remaining inventory at cost. Mrs. Tenney has no unfulfilled orders, and she has filed the underlying Chapter 13 Bankruptcy in good faith. She was actively defending the accusations against her and the business. Debtors have made all Chapter 13 Plan payments to the Chapter 13 Trustee to-date and have met their obligations under the Bankruptcy.

20. Denied. This paragraph references law which speaks for itself and to which no response is required. By way of further response, any averment that Debtors may be wrongdoers is denied. Paragraph 19 is incorporated herein by reference as if fully cited.

21. This paragraph references law which speaks for itself and to which no response is required.

22. This paragraph references law which speaks for itself and to which no response is required.

23. This paragraph references law which speaks for itself and to which no response is required.

24. Denied. Movant's Motion avers no facts evidencing any wrongdoings. Respondents are therefore unable to respond to same; however, there is no current or future harm to consumers as Mrs. Tenney is no longer doing business as she focuses on her immediate health concerns and ongoing medical issues.

25. This paragraph references law which speaks for itself and to which no response is required.

26. Denied. There was no pre-petition monetary judgment to enforce, and Movant cannot now seek civil monetary judgment.

27. Denied. To determine the applicability of § 362(b)(4), a bankruptcy court must first decide whether the state court proceeding involves the enforcement of the governmental unit's police and regulatory power. If so, the proceeding is not stayed. However, even if the proceeding generally is not stayed, the bankruptcy court also may have to determine whether the governmental unit is attempting to enforce a money judgment, which is stayed notwithstanding the provisions of § 362(b)(4). *In re Iezzi*, 504 B.R. 777, 784 (Bankr. E.D. Pa. 2014).

28. Denied. This Honorable Court need not only decide whether the automatic stay applies, but also, to what types of relief does the automatic stay apply. Movant did not indicate what specific relief, other than monetary, it may be seeking, so Debtors are not privy to the types of relief sought and are unable to respond to same.

29. The document speaks for itself.

WHEREFORE, Debtor respectfully requests that the relief requested by Movant be denied.

Respectfully submitted,

CGA Law Firm

/s/E. Haley Rohrbaugh, Esquire
E. Haley Rohrbaugh, Esquire
Supreme Court No. 323803
135 North George Street
York, PA 17401
Telephone: 717-718-7110

{02426145/1}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In Re:
   JAMES BLAINE TENNEY, JR. and
   SHERRY LEE TENNEY,
                 *Debtors*

COMMONWEALTH OF PENNSYLVANIA,
OFFICE OF ATTORNEY GENERAL,
                Movant

v.

JAMES BLAINE TENNEY, JR. and
SHERRY LEE TENNEY,
                Respondents

Chapter 13

Case No. 1:23-bk-02752-HWV

## CERTIFICATE OF SERVICE

I certify that I am more than 18 years of age and that on March 25, 2024, I forwarded a true and correct copy of the attached Answer upon the following parties in the following manner:

| | |
|---|---|
| Commonwealth of Pennsylvania<br>841 Vogelsong Road<br>P O Box 14008<br>York, PA 17404 | ECF |
| Jack N. Zaharopoulos, Chapter 13 Trustee | ECF |

{02426145/1}